CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

March 05, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KAYLA COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:23-cv-00051 |
| ) | |
| VALLEY HEALTH SYSTEM, ) | By: Elizabeth K. Dillon |
| ) | Chief United States District Judge |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

By order entered June 28, 2024, the court dismissed all four counts of the amended complaint, two of them without prejudice. (Dkt. Nos. 26, 27.) Pending before the court is plaintiff's motion for leave to file a second amended complaint, which the court construed as such a motion (Dkt. No. 30) after Cox filed only a copy of her proposed amended complaint. (Dkt. No. 29.) Defendant has filed a response in opposition, arguing that amendment would be futile. (Dkt. No. 32.) For the reasons discussed herein, the court will grant the motion to amend. Pursuant to Federal Rule of Civil Procedure 54(b) and in light of new authority from the United States Court of Appeals for the Fourth Circuit, the court also will reconsider its prior order and reinstate the two claims it previously dismissed.

I.  BACKGROUND

In its prior opinion and order, the court concluded that Cox's claims of failure to accommodate her religion, under both Title VII and the Virginia Human Rights Act (VHRA), failed because her stated reasons for refusing the vaccine were not "religious in nature." (Mem.

Op. at 6–11, Dkt. No. 26; *see also id.* at 2–4 (setting forth the text of Cox's exemption request and her pastor's letter).) It thus denied those claims with prejudice.[1]

As for Cox's other two claims—disparate treatment claims under Title VII and the VHRA—the court concluded that Cox had not adequately pled such a claim. Specifically, the court concluded that she failed to allege facts plausibly showing that she was similarly situated to any of her three possible comparators, and it did not reach the other elements of those claims. (*Id.* at 12–13.) The court denied these claims without prejudice, however, in recognition of the fact that she might be able to include additional factual matter to state a claim. (*See id.* at 13; *see also* Order, Dkt. No. 27.)

In her proposed second amended complaint (Dkt. No. 29), Cox reasserts the two disparate treatment claims.[2] In doing so, she provides additional factual allegations about one of the comparators she previously referenced—April Foreman. These include that Foreman was "similarly situated in all respects to her" and that Foreman shared the same position, job responsibilities, supervisor, and employment standards as plaintiff. (Proposed 2d Am. Compl. ¶¶ 89–92.) She also alleges that Foreman submitted a religious exemption request and received a religious accommodation.

Valley Health opposes the amendment on the grounds that amendment would be futile because, even as alleged, Cox's claims are subject to dismissal. (*See generally* Dkt. No. 32.) In particular, Valley Health argues that the proposed second amended complaint does not cure the deficiencies in plausibly pleading a comparator who was treated differently. Thus, it contends

---

[1] The court declined to reach the issue of whether VHRA requires *religious* accommodation, concluding instead that, even assuming it does, the court would apply the same analysis as for Title VII and thus reach the same conclusion. (Mem. Op. at 10–11.) In answering or otherwise responding to the second amended complaint, defendant may raise this argument anew if it so chooses.

[2] Cox's proposed second amended complaint also contains the two dismissed claims, but notes that they had been dismissed with prejudice. (Proposed 2nd Am. Compl. 8, 11, Dkt. No. 29.)

that the disparate treatment claims are still subject to dismissal.  Relying on the court's prior ruling, Valley Health also argues that, if the plaintiff's "stated belief is insufficiently religious to warrant religious accommodation as a matter of law then that employee's beliefs do not put them in a protected class for purposes of satisfying the first *prima facie* element of a disparate treatment claim . . . ."  (Opp'n to Mot. to Amend 7–9 (discussing authority for same).)

While the motion to amend was pending, the Fourth Circuit issued a published decision touching on some of the very same issues raised here—*Barnett v. Inova Health Care Services*, 125 F.4th 465 (4th Cir. 2025).  Because it is similar factually, the court has considered *Barnett*'s effect both on the pending motion to amend and on the court's prior decision granting dismissal.  And upon consideration, the court will both grant the motion to amend and reinstate the two dismissed claims.

## II.  DISCUSSION

### A.  Revision of Prior Order

Rule 54(b) of the Federal Rules of Civil Procedure, provides that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment."  Rule 54(b)'s approach involves "broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light."  *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (emphasis in original).  The Fourth Circuit has held that the discretion afforded by Rule 54(b) is "not limitless," however, and it has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case."  *U .S. Tobacco Coop. Inc. v. Big South Wholesale of Va, LLC*, 899 F.2d 236, 256–57 (4th Cir. 2018).  Thus, a court may revise an interlocutory order under the following circumstances:  (1) "a subsequent trial producing substantially different evidence"; (2)

a change in applicable law; or (3) clear error causing "manifest injustice." *Am. Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 515 (4th Cir. 2003). Because the court concludes that *Barnett* is a "change in applicable law," it will revisit its prior ruling dismissing the two religious accommodations claims.

In *Barnett*, the plaintiff was a nurse who had sought a religious exemption from a COVID-19 vaccine requirement imposed by her defendant employer, defendant INOVA Health Care Services. After her exemption request was denied, she refused to get the vaccine, and INVOA discharged her. Her complaint alleged three claims of religious discrimination: "failure to provide reasonable accommodation under Title VII; disparate treatment under Title VII; and disparate treatment under the Virginia Human Rights Act." 125 F.4th at 467. The district court granted the defendant's motion to dismiss all three claims, and the Fourth Circuit reversed and remanded.

As part of its discussion, the *Barnett* court determined that the plaintiff's beliefs were religious in nature. In doing so, the Fourth Circuit did not apply the framework this court did, adopted in the Third Circuit.[3] Instead, it cited to a Second Circuit decision, explaining:

> The second prong, religious in nature, "limit[s] the factfinder's inquiry to a determination whether 'the beliefs professed . . . are, in the claimant's own scheme of things, religious[.]'" [*Patrick v. LeFevre*, 745 F.2d 153, 157–58 (2d Cir. 1984)] (referencing [*United States v. Seeger*, 380 U.S. 163, 185 (1965))]. Therefore, "it follows . . . that the claim of the adherent 'that her belief is an essential part of a religious faith must be given great weight.'" *Id.*

125 F.4th at 470. In relying on the Second Circuit's decision in *Patrick*, the Fourth Circuit appears to have implicitly rejected the *Africa* framework espoused by the Third Circuit. *But see*

---

[3] The court applied the framework from *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981), although it also noted that it would have reached the same decision without the *Africa* framework. (Mem. Op. 7 n. 4.) The court also noted that other courts had applied the same framework to determine if a "sincere religious belief" is "religious in nature." (*Id.* at 6–7 & n.3 (citing other district courts within the Fourth Circuit).)

4

*Dettmer v. Landon*, 799 F.2d 929, 931 (4th Cir. 1986) (citing to *Africa* and other cases in defining what "religion" means). Notably, the district judge in *Patrick* had used the *Africa* test, which the appellate court called a "narrow definition of 'religious belief.'" 745 F.2d at 156 & n.4. In reversing, *Patrick* reasoned that the test is more appropriately subjective and that, because it implicated the plaintiff's "state or mind, motive, sincerity, or conscience," it was a factual matter and summary judgment was inappropriate. *Id.* at 159.

Applying the *Barnett*/*Patrick* test to the facts here, the court can no longer conclude that Cox's beliefs were not religious in nature. To be sure, the plaintiff in *Barnett* had expressed beliefs that were more clearly religious than did Cox in her exemption request. The Fourth Circuit described Barnett's exemption request as follows:

> In her request for a religious exemption, Barnett stated that she was a devout Christian, baptized in 2011, and made "all life decisions after thoughtful prayer and Biblical guidance." While she was not "an anti-vaccine person" and believed "there is a place in this world for both Science and Religion," she nonetheless believed "it would be sinful for her to consume or engage with a product such as the vaccination after having been instructed by God to abstain from it." Barnett further explained her "religious reasons for declining the covid vaccinations, ... were based on her 'study and understanding of the Bible and personally directed by the true and living God.'" Therefore, Barnett alleged that receiving the vaccine would be sinning against her body, which is a temple of God, and against God himself. However, Barnett further alleged she would follow God's guidance if she later felt compelled by the Spirit to receive the vaccine. She also referred to the scripture to support her belief and stance on the issue.

*Barnett*, 125 F.4th at 468; *see also Davis v. Reliance Test & Tech., LLC*, No. CV DKC 22-1760, 2025 WL 266664, at *6 (D. Md. Jan. 22, 2025) (concluding, after *Barnett*, that plaintiffs' beliefs were religious in nature where one plaintiff stated that, as a Catholic, he believed his body was a "temple of the Holy Spirit," and he did not want to "defile" his body with a vaccine; another testified that he is also Catholic, believed it went against his "religious free will" to receive a

5

vaccine, and he did not want to "defile" his body with a vaccine; and a third likewise was a "baptized Catholic Christian," and believed he must "refuse the use of medical products including certain vaccines and gene therapy, that are produced using human cell lines derived from direct abortions"). The *Barnett* plaintiff's request, despite some additional statements beyond what Cox said, is very similar in substance to Cox's request for exemption. Cox, too, referred to her Christianity and the fact that she consults scripture for "divine Counsel." She also stated that her decision was "adhering to [her] divine and God-given right." And her pastor attested to her religious beliefs about making decisions for her own body. (Mem. Op. 2–3 (quoting exemption request and pastor letter).)

Cox emphasizes in her proposed second amended complaint (as in her prior complaint) that her "process" included consultation with her minister, and—consistent with his advice—speaking with her own physicians, praying about her decision, and consulting scripture to reach a conclusion about the harm of the vaccines. She then alleges—although it is more accurately described as an argument: "That this process implies consultation and research regarding the medical realities of the vaccine does not change the religious significance of her discernment process." (Proposed 2d Am. Compl. ¶ 95.)

Based on these allegations, and in light of *Barnett*, the court concludes that Cox has alleged that her belief about the harmfulness of vaccines and the need to put her own bodily autonomy above her employer's or government's appear to be, "in the claimant's own scheme of things, religious." *See Barnett*, 124 F.4th at 470. At the very least, it is plausible that they are, according to *Barnett*. Thus, this court's prior dismissal on the ground that Cox's exemption

6

request was insufficiently religious can no longer stand after *Barnett*.[4] The court will therefore reinstate the two religious accommodation claims.

## B. Motion to Amend

Turning to the motion to amend, the court's ruling in the preceding section of this opinion eliminates Valley Health's second argument as to why Cox's disparate treatment claims fail. As to the first, the court disagrees with Valley Health regarding the additional allegations pled. Instead, the court concludes that the additional information Cox offers about Foreman at least plausibly alleges that Foreman was similarly situated in all respects and that she received a religious accommodation, while Cox did not. The court's prior memorandum opinion noted missing information about purported comparators in her last complaint, (Mem. Op. 12–13), and Cox has now included that additional information, at least as to one of her comparators. Thus, the court also will allow her to amend to include those allegations and allow her disparate treatment claims to go forward, as well.

For the above reasons, it is hereby ORDERED that:

1. The previously dismissed claims in the amended complaint (Counts I and II), asserting a failure to accommodate, are hereby reinstated; and

2. Plaintiff's motion to amend (Dkt. No. 29) is GRANTED.

Not later than seven days after entry of this order, plaintiff shall separately docket her Second Amended Complaint, which may now assert all four claims. Defendant shall respond to the second amended complaint not later than thirty days after it is docketed.

---

[4] Again, the court does not foreclose other grounds for dismissal, and defendant is free to raise any it believes are appropriate in response to the latest complaint. The court will not revisit the initial motion to dismiss, especially because the parties did not have the benefit of *Barnett* at that time.

The Clerk is directed to send a copy of this order and the accompanying memorandum opinion to all counsel of record.

Entered: March 5, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge

8